## RICHMOND TRUST CO. v. CHARLOTTE COUNTY, FLA. (two cases).

(Circuit Court of Appeals, Fifth Circuit.
March 22, 1926.)

Nos. 4669, 4670.

**1. Counties** ⬅16(2)—**Drainage bonds issued by county held not absolute obligations of one of five counties into which county was divided, and wherein all of lands were located (Acts Fla. 1915, c. 7000).**

Drainage bonds issued by county under Acts Fla. 1915, c. 7000, *held* not to constitute absolute obligations of one of five counties into which county was subsequently divided, and in which all of lands comprising drainage district were located.

**2. Counties** ⬅16(2).

Under Laws of Florida, new county carved out of older one is liable for a just proportion of existing obligations of older county.

**3. Counties** ⬅16(4)—**Holders of drainage bonds issued by county, payable out of taxes on lands in drainage district, held entitled to judgment against county carved out of original county, in which all such lands were situated (Acts Fla. 1915, c. 7000).**

Where drainage bonds were issued by county under Acts Fla. 1915, c. 7000, making such bonds payable out of special taxes on lands in drainage district, *held* that, after division of county into five counties, taxing authorities of county in which all of such lands were situated have sole jurisdiction to impose and collect such taxes, and holders of bonds were entitled to judgments against such county, to be paid by taxes assessed against taxable property within drainage district in county.

In Error to the District Court of the United States for the Southern District of Florida; Lakes Jones, Judge.

Actions by the Richmond Trust Company against Charlotte County, Fla. Judgments adverse to plaintiff were entered (300 F. 121), and it brings error. Reversed and remanded.

Peter O. Knight, of Tampa, Fla., and John C. Cooper, John C. Cooper, Jr.,. and Graham Magee, all of Jacksonville, Fla. (Munford, Hunton, Williams & Anderson, of Richmond, Va., Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., Knight, Thompson & Turner, of Tampa, Fla., Thomas B. Gay, of Richmond, Va., and H. P. Osborne, of Jacksonville, Fla., on the brief), for plaintiff in error.

E. J. L'Engle, J. W. Shands, and E. P. Axtell, all of Jacksonville, Fla. (J. H. Hancock, of Punta Gorda, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. These two suits are in every respect similar, except that they are brought to recover on different bonds of the same issue, the first involving five bonds, of $1,000 each, and the second four bonds of the same denomination, maturing on different dates. Demurrers were sustained to the declarations and the suits dismissed.

The declarations originally contained numerous counts, which it is unnecessary to set out in full. Briefly stated, they allege as follows: Plaintiff is the owner of the bonds described, which were issued by De Soto county, Fla., September 1, 1915, for the purpose of paying for the completion and maintenance of drainage work then in progress within the Murdock drainage district, which was located within the then boundaries of De Soto county. In 1921 De Soto county was divided into the counties of Charlotte, Hardee, Highlands, Glades, and De Soto. The land composing the Murdock drainage district is located wholly within what is now Charlotte county. De Soto county paid some of the bonds as they matured, with interest up to the time it was divided.

[1] The suit was brought originally on the theory that under the laws of Florida the bonds became absolute obligations of Charlotte county after its creation. The District Court held against this contention, and with that we agree. However, plaintiff was granted permission to file an additional count to each declaration, on which it prayed for a special judgment against Charlotte county, to be paid by taxes assessed and collected from the taxable property within the boundaries of the Murdock drainage district.

On the hearing before us counsel were practically in accord as to the law governing the case and we do not understand there is any disposition on the part of Charlotte county to evade payment of the bonds; the desire of both sides seeming to be to have the necessary procedure settled.

[2, 3] Under the laws of Florida, when a new county is carved out of an older one, the new county becomes liable for a just proportion of the existing obligations; but in this case the bonds are not a general debt of De Soto county. Under the provisions of the law authorizing their issue (chapter 7000, Acts of 1915) the bonds are to be paid out of special taxes on the lands included in the Murdock drainage district. As those lands are now wholly in Charlotte county, only the taxing authorities of that county would have jurisdiction to impose and collect those taxes.

We think the declarations state a cause of action warranting the relief prayed for in the additional counts, as above described, and that the sustaining of the demurrers and dismissal of the suits was error. Jordan v. Cass County, 13 Fed. Cas. 1089; Columbia County v. King, 13 Fla. 470. It follows that the judgments appealed from must be reversed, and the cases remanded for further proceedings not inconsistent with these views.

Reversed.